**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE FELICIANO,** | **Civil Action No. 23-2007 (MCA)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

**THIS MATTER** comes before the Court on Respondents' motion to dismiss (ECF No. 4) Petitioner's habeas petition, which he brings pursuant to 28 U.S.C. § 2254. Respondents seek dismissal of the petition as untimely under The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) ("AEDPA").[1] At this time, the Court will require Respondents to supplement the record and serve a copy of their response and the exhibits on Petitioner at the address on file and will also provide Petitioner with 45 days to submit a response to the motion to dismiss.

The Superior Court of New Jersey, Appellate Division, summarized the relevant factual background in its decision affirming the denial of Petitioner's PCR:

> Following a 2011 trial, a jury convicted defendant of the 2009 murder of Father Edward Hinds, who was a priest at St. Patrick's Roman Catholic Church in Chatham Borough where defendant worked as a custodian. The autopsy revealed that Hinds had forty-four stab wounds all over his body. At trial, the State presented, among other evidence, cell-site location information (CSLI) obtained without a warrant from Hinds's cellphone, which defendant had stolen and disposed of after the murder. The CSLI led law enforcement officers to a baseball field and wooded area near defendant's home where officers recovered incriminating evidence,

---

[1] Respondents' submission is captioned as a motion to dismiss but was filed as a response. (ECF No. 4.)

> including a bag containing blood-stained rags, a small knife, and pieces of Hinds's cell phone.
>
> Defendant was sentenced to life imprisonment without parole for the murder [and related offenses]. Defendant appealed his convictions and sentence without challenging the admission of the CSLI, and we affirmed both in an unpublished opinion, *State v. Feliciano*, No. A-0221-12 (App. Div. May 12, 2016) (slip op. at 2). The Supreme Court later denied defendant's petition for certification. *State v. Feliciano*, 227 N.J. 383, 151 A.3d 981 (2016).

*State v. Feliciano*, NO. A-3843-19, 2022 WL 1230856, at \*1 (N.J. Super. App. Div. Apr. 27, 2022) (FN omitted).

The relevant dates are as follows. Petitioner's Judgment of Conviction ("JOC") is dated April 26, 2012. (ECF No. 4-7.) The Appellate Division affirmed Petitioner's conviction and life sentence on May 12, 2016 (ECF No. 4-1), and the Supreme Court of New Jersey denied certification on Petitioner's direct appeal on September 28, 2016. *State v. Feliciano*, 227 N.J. 383, 384 (N.J., 2016). According to the PCR and Appellate Division decisions, Petitioner filed his pro se PCR petition on February 5, 2018, but the pro se PCR petition is not included in the record. (*See* ECF No. 4-3.) Following oral argument, the PCR court issued an Order on March 13, 2020, denying the petition. *Feliciano*, 2022 WL 1230856, at \*2; *see also* ECF Nos. 1-4. The Appellate Division affirmed the denial of PCR on April 27, 2022, and the New Jersey Supreme Court denied certification on October 21, 2022. *State v. Feliciano*, 252 N.J. 171 (2022). The instant Petition is dated March 30, 2023, and was docketed on April 6, 2023. (ECF No. 1.)

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2244(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the typical case, the AEDPA limitations period is calculated from the date on which the petitioner's judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009).

Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This exception to the one-year limitation period is known as statutory tolling. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).  Statutory tolling does not apply, however, if the petitioner filed his PCR more than one year after his judgment became final.  *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (no statutory tolling results if a PCR application is filed more than a year after the litigant's judgment became final); *Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Here, the Supreme Court of New Jersey denied certification on Petitioner's direct appeal on September 28, 2016, and Petitioner's conviction became final on December 27, 2016, when the time to seek a writ of certiorari expired.  The one-year AEDPA statute of limitations began to run on December 28, 2016, and expired on December 28, 2017.  Based on the current record, Petitioner did not file his pro se petition for postconviction relief until February 5, 2018, beyond the one-year ADEPA limitations period. The statute of limitations also ran from October 22, 2022, following the conclusion of Petitioner's state court proceedings, until Petitioner submitted his habeas petition for filing on March 30, 2023.  For these reasons, the petition appears untimely.

The limitations period is subject to equitable tolling.  *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 619 (3d Cir. 1998); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).  Equitable tolling applies when a petitioner has been prevented in "some extraordinary way" from timely filing and has "exercised reasonable diligence" in bringing the claims.  *Nara v. Frank*, 264 F.3d 310, 319 (3d Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002).  The petitioner bears the burden of establishing both extraordinary circumstances and reasonable diligence.  *See Pace*, 544 U.S. at 418.  There are no bright lines for determining eligibility.  *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011).  Although this equitable doctrine is used sparingly, the assessment is flexible and the particular circumstances of the petitioner must be taken in to account.  *Id.*

To satisfy the diligence prong, a petitioner must demonstrate that he has been pursuing his rights with "reasonable diligence in the circumstances."  *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)); *accord Holland*, 560 U.S. at 653.  Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and, again, "depends on the circumstances faced by the particular petitioner."

*Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012); *see also Wilson*, 426 F.3d at 661.  A

petitioner need not have acted with "maximum feasible diligence," *Munchinski*, 694 F.3d at 331

(quoting *Holland*, 560 U.S. at 653), but he also cannot have been "sleeping on his rights," *id.*

(quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).  This "reasonable diligence"

requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to

the steps that the petitioner takes to exhaust available state court remedies.  *See Martin v.*

*Administrator New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) (citing *LaCava v. Kyler*,

398 F.3d 271, 277 (3d Cir. 2005)).  Although courts do not "expect Herculean efforts on the part

of" a petitioner in exercising "reasonable diligence," a "lack of legal knowledge or legal training

does not alone justify equitable tolling."  *Ross*, 712 F.3d at 799-800, 802; *see Sch. Dist. of*

*Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to

invoke equitable tolling.").

Petitioner has not filed a response to Respondents' motion to dismiss or alleged any facts

in support of equitable tolling.  Respondents, however, have not filed a certificate of service

showing that they served a copy of their motion to dismiss on Petitioner.  At this time, the Court

will ADMINISTRATIVELY TERMINATE this matter.  Within 30 days, Respondents shall file

on the docket a copy of Petitioner's pro se PCR petition referenced in the PCR and Appellate

Division decisions or explain why it is unavailable.  Within 30 days, Respondents shall refile their

motion to dismiss and shall serve a copy of the motion to dismiss and all exhibits on Petitioner and

file a certificate of service on the docket.  Within 45 days of his receipt of the motion to dismiss,

Petitioner may file a reply brief and should address equitable tolling.  Failure to do so will result

in dismissal of the habeas petition as untimely.

**IT IS, THEREFORE**, on this 29th day of April 2026,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter for docket management purposes; and it is further

**ORDERED** that within 30 days, Respondents shall refile their motion to dismiss; Respondents shall also file on the docket a copy of Petitioner's pro se PCR petition referenced in the PCR and Appellate Division decisions or explain why it is not available; and it is further

**ORDERED** that Respondents shall serve a copy of their motion to dismiss and all exhibits (ECF No. 4) on Petitioner and file a certificate of service on the docket; and it is further

**ORDERED** that Petitioner may file a reply brief addressing equitable tolling within 45 days of his receipt of Respondents' motion to dismiss; and it is further

**ORDERED** that the Court will reopen this matter once the briefing is complete or the time to submit briefing expires; if Petitioner fails to file a reply brief that alleges facts and/or evidence in support of equitable tolling, the petition will be dismissed as untimely; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner at the address on file.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**